IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARK WALKER,<br><br>    Plaintiff,<br><br>v.<br><br>CONTRA COSTA COUNTY, et al.<br><br>    Defendants. | NO. C03-3723 TEH<br>NO. C05-2800 TEH<br><br>ORDER |

This matter comes before the Court on Plaintiff's Motion for New Trial pursuant to Fed. R. Civ. P. 59(a). Having carefully considered the parties' papers, and the entire record herein, the motion is denied for the reasons set forth below.

I. <u>LEGAL STANDARD</u>

A district court may grant a motion for a new trial based on insufficiency of the evidence "if the verdict 'is against the great weight of the evidence or it is quite clear that the jury has reached a seriously erroneous result.'" *Hemmings v. Tidyman's Inc.,* 285 F. 3d 1174, 1189 (9th Cir. 2002) (citation omitted). While there is no presumption in favor of the verdict, and courts may weigh the evidence, *see e.g. Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990), courts should not set aside a jury verdict merely because the "'jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable.'" *Landes Const. Co., Inc. v. Royal Bank of Canada*, 833 F.2d 1365,

1  1372 (9th Cir. 1987) (citation omitted); *see also U.S. v. 4.0 Acres of Land*, 175 F.3d 1133,
2  1139 (9th Cir. 1999) (a district court "may not grant or deny a new trial merely because it
3  would have arrived at a different verdict"). If, however, "having given full respect to the
4  jury's findings, the judge on the entire evidence is left with the definite and firm conviction
5  that a mistake has been committed, it is to be expected that he will grant a new trial" – since
6  trial judges do not sit "to approve miscarriages of justice." *Landes*, 833 F.2d at 1371-72.

8  II. <u>DISCUSSION</u>

9        Plaintiff brought this civil rights action alleging that he was unlawfully (1) denied a
10 promotion to the position of Assistant Chief of the Contra Costa County Fire Protection
11 District, and (2) retaliated against when he was issued a letter of reprimand in February 2005.
12 On January 24, 2007, the jury returned a special verdict in Defendants' favor, finding that
13 Plaintiff had not proven, by a preponderance of the evidence, that (1) his race was a
14 motivating factor in Keith Richter's decision not to promote him in 2003, (2) his protected
15 activity was a motivating factor in Defendant Richter's decision not to promote him in 2003,
16 (3) his race was a motivating factor in the decision by Keith Richter and/or Rich Grace to
17 issue a letter of reprimand to him in February 2005, or (4) his protected activity was a
18 motivating factor in the decision by Keith Richter and/or Richard Grace to issue a letter of
19 reprimand to him in February 2005.

20       Plaintiff argues that a new trial is justified on the grounds that the jury's verdict is
21 against the great weight of the evidence and that it is quite clear that the jury reached a
22 seriously erroneous result. He also contends that a new trial is warranted because the Court
23 erred in permitting Ronny J. Coleman to testify as an expert. The Court addresses these
24 issues in turn below.

A. <u>2003 PROMOTION</u>

Plaintiff argues that the evidence "compels" the conclusion that he was denied a promotion to Assistant Chief in 2003 because (1) of his race (African-American) and/or (2) because of his protected activity. Plaintiff, however, has done no more than argue his view of the circumstantial evidence presented at trial and the favorable inferences that he would draw therefrom. Both parties vigorously presented their case and substantial evidence was adduced on both sides over the course of several weeks between November 28, 2006 and January 2007. Thus, while a different jury might have reached a different result, there is no doubt, in this Court's view, that there is ample evidence to support this jury's verdict and the Court is not left with the definite and firm conviction that the jury committed a mistake or engaged in a miscarriage of justice. Plaintiff is understandably disappointed with the outcome of this case. There is no basis, however, for disturbing the verdict.

Plaintiff, for example, argues that Defendant ("Richter") Richter gave testimony that was self-serving and not credible. The jury acted well within its province, however, in assessing the weight to be given Richter's testimony, and the fact that it may have been contradicted by Plaintiff or others, or was self-serving, is not, in this Court's view grounds for a new trial given the record as a whole. Plaintiff also argues that the other panelists did not share certain of Richter's perceptions regarding Plaintiff's interpersonal skills. *See* Mot. at 3-4. There is no requirement, however, that each of the persons evaluating the candidates rely on the same reasoning in ranking Mr. Grace higher than Plaintiff.

Plaintiff also argues that the matrix utilized during the evaluation process reflects that "Chief Grace and Ross received the exact same ratings whereas the panelists testified variously that either Grace was No. 1 or that Ross was No. 1." *See* Pl.'s Mot. at 4. "Significantly," Plaintiff adds, "the rankings were not documented in any writing." *Id.* While these were matters to weigh along with all the other evidence, they do not "compel" the conclusion that the verdict is against the great weight of the evidence or constitutes a serious mistake. Plaintiff also argues that Defendant did not present "any 'legitimate' reason for Chief Walker's non-selection in 2000." *See* Pl.'s Mot. at 3. Again, while this is

3

Plaintiff's view of the evidence, Defendants clearly presented evidence which provided alternative, legitimate reasons for this determination. *See e.g.* Defs.' Opp. at 2-9.

Accordingly, the Court is not persuaded that Plaintiff is entitled to a new trial with respect to his promotion claim.

### B. LETTER OF REPRIMAND

Plaintiff also contends that the evidence compelled a verdict in Plaintiff's favor on his claim that Defendant Richter placed a Letter of Reprimand in Plaintiff's file in retaliation for his litigation activities and/or his advocacy on behalf of the interests of minority firefighters. Specifically, Plaintiff argues that the evidence overwhelmingly refuted Defendants' contention that the wild land fire off Kirker Pass Road had not de-escalated at the time Plaintiff left the scene of the fire. There was, however, conflicting evidence on this point and the jury reasonably weighed this evidence.

Plaintiff also argues that he was not afforded certain procedural protections prior to issuance of the Letter of Reprimand. Plaintiff does not, however, show that the record demonstrated that non-minority employees were provided a more generous process with respect to comparable Letters of Reprimand. Plaintiff also argues that the jury ignored the fact that the timing of the Letter of Reprimand was "clearly within the period of time deemed sufficient to constitute a 'causal link.'" Pl.s' Mot. at 5. Certainly a jury could have found that the timing of the Letter of Reprimand supported a "causal link." The jury was required, however, to look – not just at the literal timing of the letter – but all of the evidence in order to assess the significance of the timing, and determine whether each of the elements of a retaliation claim had been proven. In short, the Court is not persuaded that the jury's verdict on this claim was against the great weight of the evidence or represents a miscarriage of justice.

Accordingly, Plaintiff is not entitled to a new trial with respect to his retaliation claim relating to the Letter of Reprimand.

4

### C. TESTIMONY BY RONNY J. COLEMAN

At trial the Court (after a qualifications examination and voir dire), permitted Chief Ronny J. Coleman ("Coleman") to testify as an expert with respect to certain issues relating to "incident command" and "fire district management, including discipline" based on his extensive experience and expertise in these areas. Plaintiff complains that Coleman's testimony was improper because it was not, in fact, expert opinion, but simply "the same opinion that any lay person could proffer based upon his or her own common sense." *See* Pl's. Mot. at 6.  In particular, Plaintiff objects to Coleman's assessment of the Plaintiff's decision to leave the Kirker Pass Road wild land fire in light of applicable professional standards. It is clear to the Court, however, that while Plaintiffs may have disagreed with his assessment, it was appropriate for Mr. Coleman to give a professional opinion on this issue and that such opinion was likely to be of assistance to the trier of fact. Moreover, Plaintiff fails to demonstrate that even if an evidentiary error occurred, that it would render the verdict against the great weight of the evidence given the entire record or otherwise justify a new trial in this case.

### III. CONCLUSION

As the Court acknowledged above, another jury weighing the evidence and drawing all of the inferences argued by Plaintiff at trial could have reached a different result. Having given respect to the jury's findings, however, and viewing the record as a whole – which contained substantial evidence in Defendants' favor – the Court can not say that the verdict is against the great weight of the evidence or that it is "'quite clear'" that the jury reached a "'seriously erroneous result.'" *Hemmings,* 285 F. 3d at 1189 (citation omitted). As such, the Court declines to grant a new trial.

5

1   Plaintiff's motion for new trial is therefore DENIED.

3   **IT IS SO ORDERED.**

5   DATED:  May 21, 2007

    THELTON E. HENDERSON
    UNITED STATES DISTRICT JUDGE